UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


MARINER TOWER II, LLC,                )
                                       )
       Plaintiff             )
                                       )
v.                                     )   No. 2:10-cv-314-JHR
                                       )
TOWN OF TOPSHAM and TOPSHAM            )
PLANNING BOARD,                        )
                                       )
       Defendants            )


*MEMORANDUM DECISION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT AND MOTION TO EXCLUDE TESTIMONY*

All three of the parties have moved for summary judgment in this case arising out of an application for site plan review and a conditional use permit for the location of a cell tower. The defendants also move to exclude the testimony of an expert witness designated by the plaintiff. I grant the defendants' motion for summary judgment, making it unnecessary to consider the motion to exclude.

## I. Summary Judgment

### A. Applicable Legal Standards

#### 1. Federal Rule of Civil Procedure 56

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Santoni v. Potter*, 369 F.3d 594, 598 (1st Cir. 2004). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." *Rodríguez-Rivera v. Federico Trilla Reg'l Hosp. of Carolina*, 532 F.3d 28, 30

1

(1st Cir. 2008) (quoting *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008)). "A fact is material if it has the potential of determining the outcome of the litigation." *Id.* (quoting *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2008)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Santoni,* 369 F.3d at 598. Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed. R. Civ. P. 56(c). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

"This framework is not altered by the presence of cross-motions for summary judgment." *Cochran v. Quest Software, Inc*., 328 F.3d 1, 6 (1st Cir. 2003). "[T]he court must mull each motion separately, drawing inferences against each movant in turn." *Id*. (citation omitted); *see also, e.g., Wightman v. Springfield Terminal Ry. Co*., 100 F.3d 228, 230 (1st Cir. 1996) ("Cross motions for summary judgment neither alter the basic Rule 56 standard, nor warrant the grant of summary judgment *per se.* Cross motions simply require us to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed. As always, we

resolve all factual disputes and any competing, rational inferences in the light most favorable to the [nonmovant].") (citations omitted).

## 2. Local Rule 56

The evidence that the court may consider in deciding whether genuine issues of material fact exist for purposes of summary judgment is circumscribed by the local rules of this district. *See* Loc. R. 56. The moving party must first file a statement of material facts that it claims are not in dispute. *See* Loc. R. 56(b). Each fact must be set forth in a numbered paragraph and supported by a specific record citation. *See id*. The nonmoving party must then submit a responsive "separate, short, and concise" statement of material facts in which it must "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts[.]" Loc. R. 56(c). The nonmovant likewise must support each denial or qualification with an appropriate record citation. *See id*. The nonmoving party may also submit its own additional statement of material facts that it contends are not in dispute, each supported by a specific record citation. *See id*. The movant then must respond to the nonmoving party's statement of additional facts, if any, by way of a reply statement of material facts in which it must "admit, deny or qualify such additional facts by reference to the numbered paragraphs" of the nonmovant's statement. *See* Loc. R. 56(d). Again, each denial or qualification must be supported by an appropriate record citation. *See id*.

Failure to comply with Local Rule 56 can lead to serious consequences. "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Loc. R. 56(f). In addition, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment" and has "no independent duty to

search or consider any part of the record not specifically referenced in the parties' separate statement of fact." *Id.*; *see also, e.g., Sánchez-Figueroa v. Banco Popular de P.R.*, 527 F.3d 209, 213-14 (1st Cir. 2008); Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]").

### B. Factual Background

The following undisputed material facts are properly presented in the parties' respective statements of material facts submitted pursuant to Local Rule 56.

The plaintiff is in the business of identifying, locating, permitting, constructing, and operating personal wireless service facilities, which often include towers, for the provision of personal wireless services such as digital telephone and wireless internet. Plaintiff's Statement of Material Facts ("Plaintiff's SMF") (Docket No. 33) ¶ 1; Defendants' Opposing Statement of Material Facts ("Defendants' Responsive SMF") (Docket No. 43) ¶ 1. The plaintiff often works with federally licensed providers of personal wireless services in order to locate and develop such facilities. *Id.*

The plaintiff and Omnipoint Communications, Inc., doing business as T-Mobile, submitted a sketch plan for site plan review and an application for conditional use permit form to the defendant Town of Topsham and defendant Topsham Planning Board on October 20, 2008, seeking permits to construct the "Maple Street Extension Facility," a new transmission tower, an access drive to the tower, and an essential services facility compound (collectively, the "Tower") at 14 Oak Street in Topsham. Statement of Material Facts in Support of the Motion for Summary Judgment of Defendants Town of Topsham and Topsham Planning Board ("Defendants' SMF") (Docket No. 39) ¶ 1; Plaintiff's Opposing Statement of Material Facts and

4

Additional Facts ("Plaintiff's Responsive SMF") (Docket No. 40-1) ¶ 1. An "essential services facility" would include necessary support equipment, telephone, and electric utility services. *Id.* ¶ 5. The plaintiff leased the land from Pauline and Clifford Farr. Plaintiff's SMF ¶ 12; Defendants' Responsive SMF ¶ 12.

On April 28, 2009, the plaintiff submitted its site plan review application to the town. Defendants' SMF ¶ 3; Plaintiff's Responsive SMF ¶ 3. The Planning Board denied the application on June 29, 2010, and issued a written decision containing its findings of fact and conclusions of law. *Id.* ¶ 6. The plaintiff did not file a request for rehearing with the Planning Board. *Id.* ¶ 8.[1] The plaintiff did not file an appeal of the decision with the Topsham Board of Appeals. *Id.* ¶ 9.[2]

The Oak Street property lies within the R-1 "Urban Residential" zoning district in Topsham, which, at the time of the plaintiff's application, allowed transmission towers as a conditional use in the district. *Id.* ¶ 10. The criteria for granting a conditional use permit are set forth in in Chapter 225, Article IX, Section 67(F) of the town's ordinances. *Id.* ¶ 11. The plaintiff submitted a site plan, landscape plan, and tree plot depicting the physical characteristics of the final proposed tower site. *Id.* ¶ 14. The plaintiff proposed to construct a 75-foot monopole-style tower made of galvanized steel and topped by a close mount antenna array. *Id.* ¶ 16.

The Topsham Water Tank, which stands 47 feet tall, abuts the Oak Street property to the southwest. *Id.* ¶ 18. The approximate tree height on and surrounding the Oak Street property is 50-65 feet. *Id.* ¶ 19.

---

[1] The plaintiff qualifies its response to this paragraph of the defendants' statement of material facts, Plaintiff's Responsive SMF ¶ 8, but I have modified the sentence to address the qualification.
[2] The plaintiff qualifies its response to this paragraph of the defendants' statement of material facts, Plaintiff's Responsive SMF ¶ 9, but I have modified the sentence to address the qualification.

T-Mobile is the only carrier committed to locating on the tower. *Id*. ¶ 25. During the application process, T-Mobile submitted propagation maps and analysis to the town, dated April 29, 2009, October 20, 2009, November 20, 2009, February 4, 2010, and April 12, 2010, in an effort to demonstrate the need for improved in-building coverage in the Topsham Heights neighborhood and the lack of adequate alternatives to improve coverage in that area. *Id*. ¶ 26.

At the first public hearing on the plaintiff's application, on June 16, 2009, many Topsham citizens voiced their opposition to construction of the tower. *Id*. ¶ 27. At the second public hearing, on March 16, 2010, members of the Planning Board raised additional concerns about the inadequacy of the vegetative buffer. *Id*. ¶ 29. Regina Leonard, a landscape architect and Topsham resident, repeatedly raised concerns about the lack of control over the vegetative cover and the incompatibility of the tower with the surrounding residential neighborhood. *Id*. ¶ 30. Concerned residents submitted a letter from a local real estate agent opining that neighborhood property values would be diminished by the tower. *Id*. ¶ 31.

During the June 29, 2010, meeting of the Planning Board, a letter dated March 24, 2010, from the owners of the Oak Street Property was read into the record. *Id*. ¶ 32. In that letter, the owners refuse to accede to requests by neighbors that they be restricted from cutting trees on the property outside the parcel they had leased to the plaintiff. *Id*. ¶¶ 4, 32.

On June 29, 2010, the Planning Board voted unanimously to deny the plaintiff's application. *Id*. ¶ 35. Because the plaintiff did not obtain approval under conditional use standards, the Planning Board decided not to undertake review of the plaintiff's site plan review application. *Id*. ¶ 36.

On November 3, 2010, the town, by vote on a citizen-initiated referendum, amended its ordinances to prohibit transmission facilities in the R-1 district. *Id.* ¶ 38. The amendment states

that it shall be applied retroactively to April 1, 2010, prior to the vote denying the plaintiff's application to construct the tower. *Id*. ¶ 39.

The plaintiff retained Dan Goulet of C-Squared Systems as an expert radio frequency (RF) engineer to provide testimony on the existence of a "significant gap in coverage" in Topsham and the viability of any alternative sites for the tower. *Id*. ¶ 43. Goulet reviewed T-Mobile propagation maps and engineering analyses that were submitted to the town. *Id*. ¶ 45. He also received cell site database information from T-Mobile. *Id*. ¶ 46. He concluded that a significant gap in T-Mobile's in-building coverage existed in certain areas of Topsham and that there were no feasible alternatives to fill the gap in those areas. *Id*. ¶ 48. He defined the area where T-Mobile sought improved coverage as encompassing Main Street, Bridge Street, Winter Street, Front Street, and Maple Street (the "target area"). *Id*. ¶ 49.

The Planning Board hired an independent RF engineer, Mark Hutchins, to review and evaluate the RF issues in this case, including the need for the facility and the possibility of feasible alternatives. Plaintiff's SMF ¶ 44; Defendants' Responsive SMF ¶ 44.

### C. Discussion

The defendants contend that the plaintiff is barred from bringing the claims asserted in the Amended Complaint (Docket No. 14) by the terms of 47 U.S.C. § 332(c)(7)(B)(v). Motion for Summary Judgment with Incorporated Memorandum of Law of Defendants Town of Topsham and Topsham Planning Board ("Defendants' Motion") (Docket No. 38) at 5-9. The cited statutory subsection provides:

> Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis. Any person adversely affected by an act or failure to act by a State

> or local government or any instrumentality thereof that is inconsistent
> with clause (iv) may petition the Commission for relief.

47 U.S.C. § 332(c)(7)(B)(v).

A "final action" for purposes of this subsection is "one that marks the consummation of the instrumentality's decisionmaking process." *Omnipoint Holdings, Inc. v. City of Cranston*, 586 F.3d 38, 47 (1st Cir. 2009) (emphasis omitted). The defendants contend that the town had taken no "final action" on the plaintiff's application because no appeal of the Planning Board's decision was taken to the Topsham Zoning Board of Appeals. Defendants' Motion at 7. In this regard, the defendants do not rely on any language in the town ordinances, but rather on Maine state law. *Id*. at 6-7.

Thus, a town that, like Topsham, has a zoning ordinance must have a zoning board of appeals. 30-A M.R.S.A. § 4353. The board of appeals "shall hear appeals form any action or failure to act of the official or board responsible for enforcing the zoning ordinance, unless only a direct appeal to Superior Court has been provided by municipal ordinance." 30-A M.R.S.A. § 4353(1). Unless a town's ordinance explicitly requires appeals from any action or failure to act under the ordinance to proceed directly to the Maine Superior Court, all decisions of planning boards must be taken first to the town's zoning board of appeals. *Wister v. Town of Mount Desert*, 2009 ME 66, ¶ 15, 974 A.2d 903, 908.

However, the plaintiff argues that the Topsham ordinance does "expressly provide for a direct appeal to court from a denial by the Planning Board," citing section 175.15 of the ordinance. Plaintiff's Memorandum of Law in Support of Objection to Summary Judgment ("Plaintiff's Opposition") (Docket No. 40-2) at 3. That section provides, in relevant part:

> The Planning Office must notify, in writing, the applicant and those who
> request such notice at the public hearing of the Planning Board's
> decision on the application within seven days of said decision. If the

> application is disapproved, then this notice must state which of the foregoing performance standards were not met by the application and the reasons supporting these findings. Within not more than 30 days after the mailing by ordinary mail of the notice of decision, any person aggrieved thereby may file with the Planning Board an appeal of the decision. An applicant appealing a disapproval must file with his appeal an amendment to the application, which amendment shall be limited exclusively to proposed changes intended to achieve compliance with the performance standards found not to be met in the decision of the Planning Board. . . . The Planning Board must act on the appeal or appeals before it within 30 days of the filing thereof. A hearing, reasonable notice to the applicant, abutting landowners and the public, shall be held on said appeal or appeals. A person aggrieved by a decision of the Planning Board may appeal to the Superior Court. The appeal shall be taken within 30 days after the decision.

Exhibit B to Supplemental Affidavit of Christopher Ciolfi ("Exhibit P-B") (Docket No. 40-3) § 175-15.

The defendants respond that this section of the ordinance applies only to site plan reviews, and no site plan review was undertaken with respect to the plaintiff's application. Defendants' Reply to Plaintiff's Objection to Defendants' Motion for Summary Judgment ("Defendants' Reply") (Docket No. 47) at 1-2. They assert that Chapter 225 of the ordinance governs conditional use permits, like the one at issue before the Planning Board in this case, and that chapter "is silent on the forum to which Planning Board decisions may be appealed." *Id*. at 1.

The two pages of the ordinance provided by the plaintiff bear no heading or chapter identification. The first page starts with a paragraph identified with a "C." Exhibit P-B at [1]. In the top right-hand corner of this page is the statement "Page 26 of 27." *Id*. The first three paragraphs on this page refer to site plans. *Id*. There is no mention of conditional use permits. *Id*. at [1]-[2]. The full chapter is provided by the defendants in Exhibit B (Docket No. 39-17) to the Affidavit of Richard Roedner (Docket No. 39-7) ("Exhibit D-B"). The initial page of

Chapter 175 is entitled "Site Plan Review." *Id*. at [1] (identified as "Page 1 of 27"). Under the chapter heading, *inter alia*, is the entry "Zoning – See Ch. 225." *Id*.

There is no dispute that the Topsham Planning Board voted to deny the plaintiff's application for a conditional use permit and, therefore, did not undertake review of its site plan application. Defendants' SMF ¶¶ 35-36; Plaintiff's Responsive SMF ¶¶ 35-36. The plaintiff does not challenge the defendants' assertion that the two reviews are separate proceedings. *See Larrivee v. Timmons*, 549 A.2d 744, 746 (Me. 1988).

What is apparently a portion of Chapter 225 of the Topsham ordinances is included in Exhibit D-B, beginning with a title page (denoted as "1 of 7") headed "Chapter 225. Zoning/Article VIII. Specific/Performance." Exhibit D-B at [32]. Additional portions, entitled "Article IX. Administration,/Enforcement . . .," and "Article X. Board of Appeals" follow in that exhibit. *Id*. at [39], [41]. There is no reference to any particular appeal procedure, nor to appeal to state court, in the excerpts provided. In the absence of any objection from the plaintiff, I accept the necessary inference drawn by counsel for the defendants that such a provision, applicable to review of applications for conditional use permits, does not appear elsewhere in Chapter 225.

Contrary to the plaintiff's argument, Plaintiff's Opposition at 7, the resulting conclusion directed by Maine case law -- that the plaintiff has failed to exhaust its administrative remedies -- does not deprive it of a remedy. Nor does the fact that the defendant town's planning director "informed the Plaintiff that the Ordinance 'when talking about the Board of Appeals, does not specify that the BOA has jurisdiction over appeals from the [Planning Board].'" [Plaintiff's] Additional Facts (included in Plaintiff's Responsive SMF, beginning at 12) ¶ 110; Defendants'

Reply to Plaintiff's Opposing Statement of Facts and Additional Facts (Docket No. 48) ¶ 110.[3]
If that were the case, failure to exhaust administrative remedies could never serve as a legal bar.

The defendants are entitled to summary judgment on both counts of the amended complaint.

## II. Motion to Exclude

Because the defendants are entitled to summary judgment on procedural grounds, there is no need to consider any expert testimony and, therefore, the defendants' motion to exclude the testimony of the plaintiff's radio frequency expert witness (Docket No. 31) is moot.

## III. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (Docket No. 38) is **GRANTED**; the plaintiff's motion for summary judgment (Docket No. 32) is **DENIED**; and the defendants' motion to strike (Docket No. 31) is **DISMISSED AS MOOT**.

Dated this 31st day of October, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[3] The Defendants' objection to this paragraph goes only to its use "for purposes of the substantial evidence claim," Defendants' Reply to Plaintiff's Opposing Statement of Facts and Additional Facts ¶¶ 110, 102. That is not the argument at issue here. *See* Defendants' Motion at 9-22.